UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.                        / | No. C 11-2644 YGR (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

This is a closed federal civil rights action. Defendants' motion to dismiss was granted, and judgment in granted in favor of defendants, on September 30, 2012. Plaintiff has filed a motion to alter or amend the judgment, which the Court construes as containing a motion for reconsideration (Docket No. 32).

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. "Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*,

555 F.3d 772, 779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Here, plaintiff's request contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Here, plaintiff's request contains no showing of newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; plaintiff offers no other reason justifying relief. Accordingly, the motion for reconsideration is hereby DENIED. The Clerk shall terminate Docket No. 32.

**IT IS SO ORDERED.**

DATED: November 27, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**